# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE
### CIVIL ACTION NO. 3:11CV-44-H

**RONALD E. GRUBBS**                                                      **PLAINTIFF**

**v.**

**U.S. COURT OF APPEALS FOR VETERANS CLAIMS**                            **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Ronald E. Grubbs filed a *pro se* action in this Court challenging the decisions of

the U.S. Court of Appeals for Veterans Claims.  Under Fed. R. Civ. P. 12(h)(3), "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."  Upon review of the complaint, the Court finds that it lacks subject-matter jurisdiction

over this case and will dismiss the action by separate Order.

### I.

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing

only that power authorized by the Constitution and statute."  *Hudson v. Coleman*, 347 F.3d 138,

141 (6th Cir. 2003).  "Jurisdiction defines the contours of the authority of courts to hear and

decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G.*

*Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *abrogation on other grounds*

*recognized by Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010).  Federal courts

have an independent duty to determine whether they have jurisdiction and to "police the

boundaries of their own jurisdiction."  *Id.* at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of*

*Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)); *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131,

1133 (6th Cir. 1990) ("[S]ubject matter jurisdiction may be raised *sua sponte* at any juncture

because a federal court lacks authority to hear a case without subject matter jurisdiction.").  The

party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing

the court's authority to hear the case.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

377 (1994).

## II.

Plaintiff initiated this action by filing a typewritten document, advising that he wishes to

file an appeal of "the decision by Judge Alan G. Lance Dated December 01 / 2010, of my claim

for disability compensation with the U.S. Court of Appeals for Veterans Claims" (DN 1).

Plaintiff attaches the December 1, 2010, decision affirming the August 12, 2008, Board of

Veterans' Appeals decision denying his appeal for 100% disability rating for his chronic

infectious hepatitis prior to April 19, 2001, and for a compensable disability rating for the

condition prior to December 20, 2000.  Plaintiff subsequently filed a copy of a January 19, 2011,

order by Judge Lance denying his motion for reconsideration (DN 5).  Shortly thereafter,

Plaintiff also filed a copy of the February 19, 2011, final judgment of the United States Court of

Appeals for Veterans Claims (DN 6).  Along with that judgment, Plaintiff filed a letter indicating

that be believes the decisions are wrong "so I am appealing to the U.S. District Court, here in

Louisville, KY., for a more thorough examination of 'all' my medical claims."  He further

indicates that he appeals the action taken by the appeals court "under Rule, 36 of the Rules of

Practice & Procedure."

The "Rules of Practice & Procedure" to which Plaintiff is referencing are the Rules of the

United States Court of Appeals for Veterans Claims, and he attaches a copy of Rule 36 to his

most recent letter to this Court.  Rule 36 provides,

Unless the Court orders otherwise, the judgment will be entered on the docket after the later of (1) the date on which the time allowed in Rule 35(d)(1), (2), or (4) has expired, or (2) the date on which the Court has denied a motion for reconsideration or has denied a motion for full-Court decision after a panel decision, if no other timely motion under Rule 35 is pending. Entry of the judgment begins the 60-day time period for any **appeal to the United States Court of Appeals for the Federal Circuit**.

(Emphasis added). Rule 36, upon which Plaintiff relies, instructs that an appeal is to be made to the United States Court of Appeals for the Federal Circuit, not this District Court.

"Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues." *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997). Particularly, in 1988, Congress enacted the Veterans Judicial Review Act of 1988 ("VJRA") (codified in various sections of 38 U.S.C.), "and established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon*, 125 F.3d at 967.

The process begins when a claimant files for benefits with a regional office of the Department of Veterans Affairs. The regional office of the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Upon receiving a decision from the regional office, the claimant may appeal to the BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. See 38 U.S.C. § 7104. The Court of Veterans Appeals ("CVA"), an Article I court established by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the BVA. 38 U.S.C. § 7252(a).[1] **The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA.** 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. See 38 U.S.C. § 7291.

---

[1]The 1998 Amendments to Title 38, Pub. L. 105-368, Title V, § 512(a)(1), substituted "Court of Appeals for Veterans Claims" for "Court of Veterans Appeals."

*Beamon*, 125 F.3d at 967; *Henderson v. Shinseki*, 562 U.S. --, -- S. Ct. --, No. 09-1036, 2011 WL 691592 (U.S. March 1, 2011) ("Review of Veterans Court decisions on certain issues of law is available in the United States Court of Appeals for the Federal Circuit.") (citing 38 U.S.C. § 7292).[2]

Because exclusive jurisdiction over appeals from the U.S. Court of Appeals for Veterans Claims lies with the U.S. Court of Appeals for the Federal Circuit, this Court lacks subject-matter jurisdiction over this action.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
4412.005

---

[2]Pursuant to 38 U.S.C. § 7292(a),

After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision [in the United States Court of Appeals for the Federal Circuit] with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation (other than a refusal to review the schedule of ratings for disabilities adopted under section 1155 of this title) or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision.